"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EARL WALKER, | ) Case No. EDCV 05-00384-MLG |
| Plaintiff, | ) MEMORANDUM OPINION AND ORDER |
| v. | ) |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

I.   **INTRODUCTION**

    Plaintiff Earl Walker ("Plaintiff") seeks review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB"). In accordance with the Court's Case Management Order, the parties have filed a joint stipulation of disputed issues and requests for relief("JS").

    The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record, except as noted in his contentions.

In the JS, Plaintiff contends that the ALJ erred by: finding that Plaintiff was capable of performing work as a charge account clerk because the ALJ failed to identify the correct DOT number for that position; and failing to state adequate reasons for rejecting the opinion of orthopedic surgeon George H. Lobley, M.D. The Commissioner disagrees.

## II. DISCUSSION

### A. Charge Account Clerk

The Court is not persuaded by Plaintiff's argument that the ALJ cited an incorrect DOT number for the position of charge account clerk. While the DOT number that the ALJ cited was incorrect,[1] it is apparent upon review of the hearing transcript and the ALJ's decision that the ALJ made a mere typographical error that does not warrant reversal. *See Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

### B. Dr. Lobley's Opinion

Plaintiff's argument regarding the ALJ's consideration of Dr. Lobley's opinion regarding fine dexterity is also without merit. Dr. Lobley first conducted an examination of Plaintiff in 1996. (Administrative Record ("AR") at 144-61). Dr. Lobley diagnosed Plaintiff with status post left ankle reconstructive ligament surgery and status post bilateral wrist surgeries for carpal tunnel syndrome. (AR at 151). Dr. Lobley concluded that Plaintiff was precluded from prolonged walking and standing, heavy grasping activities with both hands, and fine manipulation with the right hand. (AR at 152). In

---

[1] The correct DOT number for the charge account clerk position is DOT 205.367-014. The ALJ, however, cited DOT 250.367-014. (AR at 19).

February 1997, Plaintiff injured his right knee while at work. (AR at 137, 140). After conducting a medical re-evaluation of Plaintiff in September 1997, Dr. Lobley recommended that Plaintiff undergo right knee arthroscopic surgery. (AR at 137-43). Dr. Lobley examined Plaintiff again in August 2002. (AR at 243-61). At that time, Dr. Lobley opined that Plaintiff was precluded from prolonged standing and walking, heavy lifting, kneeling, squatting, climbing, walking on uneven ground or rough terrain, heavy gripping and grasping, and activities involving fine manipulation. (AR at 252-53). In January 2003, Dr. Lobley confirmed these restrictions in a supplemental medical report. (AR at 240-41).

Although the ALJ summarized Dr. Lobley's opinion in the decision and incorporated most of the limitations described by him, he rejected Dr. Lobley's finding that Plaintiff was precluded from all activities requiring fine manipulation. (AR at 14-15). Instead, the ALJ found that Plaintiff was limited to occasional fine manipulation. (AR at 15). In making this determination, the ALJ credited the testimony of the non-examining medical expert, finding that it was consistent with the evidence as a whole. (AR at 14).

Plaintiff is correct in his argument that the opinion of a non-examining medical advisor, by itself, does not constitute substantial evidence to warrant the rejection of an examining physician's opinion. *See Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 602 (9th Cir. 1999). However, the ALJ also found that the medical expert's opinion was consistent with the record as a whole. That record includes the statement of one of Plaintiff's treating physician's, Dr. Wood, who found that Plaintiff was restricted only as to <u>repetitive</u> fine manipulation. (AR at 235).

Accordingly, the Court finds that the record substantially supports the ALJ's finding that Plaintiff can perform work which involves occasional fine manipulation. (AR at 14-15).

In addition, the Commissioner is correct is her assertion that any error in the ALJ's consideration of Dr. Lobley's opinion was harmless because the ALJ determined that Plaintiff was capable of performing work as a surveillance system monitor, a job that does not require any fingering or handling, much less fine manipulation. (JS at 8; AR at 17); *see* DOT 379.367-010. Moreover, the ALJ found that Plaintiff was capable of performing work as a charge account clerk, a position that requires only occasional fingering and frequent handling. DOT 205.367-014. Handling would seem to imply a basic ability to use ones hands and not the ability to engage in fine manipulation. Under these circumstances, any error can be considered harmless. *Batson v Commissioner of Social Security*, 359 F.3d 1190, 1197 (9th Cir. 2004); *Johnson v. Shalala,* 60 F.3d 1428, 1436 n.9 (9th Cir. 1995).

### ORDER

For the reasons stated above, the Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, it is ORDERED that judgment be entered in favor of the Defendant Commissioner.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

Dated:  March 16, 2006          */s/ Marc L. Goldman*

                                _____
                                Marc L. Goldman
                                United States Magistrate Judge